## Cooper, Hewitt & Co. *versus* Butler.

1. An employee whose duty it was to operate cars upon an elevated tramway, and also from time to time to inspect said tramway and report any defects therein, cannot recover damages from his employer for injuries suffered by him while operating cars, caused by a defect in the tramway which he had negligently failed to observe and report, but which he could have discovered by a reasonably careful inspection.

2. In an action by such employee against his employers, to recover damages for such injuries, the defendants requested the court to charge, in substance, that if the defect in the track was unknown to the defendants, but could have been discovered by the plaintiff by an inspection which he failed to make, he was guilty of contributory negligence and could not recover. The court answered : " This is true, provided, however, that the defect was not only unknown to the defendants, but was also one which they would not have known by the exercise of ordinary care."

*Held,* that the court erred in the qualification contained in the answer and that the point should have been unqualifiedly affirmed.

April 23th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Bucks county :* Of January Term 1883, No. 285.

Case, by William Butler against Edward Cooper and Abraham S. Hewitt, trading as Cooper, Hewitt & Co., and operating the Durham Iron Works, to recover damages for personal injuries sustained by plaintiff through the alleged negligence of the defendants in not keeping in proper repair an elevated tramway operated by said defendants. Plea, not guilty.

The facts of the case, with the point and answer of the court which raise the question of law involved in the present

[Cooper v. Butler.]

controversy, are fully recited in the opinion of the supreme court. Verdict for the plaintiff for $1,350, and judgment thereon. The defendants thereupon took this writ of error, assigning for error, inter alia, the answer to his point.

*B. F. Fackenthall* and *A. & J. Fackenthall*, for the plaintiffs in error.—When the plaintiffs in error hired the defendant in error to watch the track and report defects, they had a right to presume that he would do so, and if his violation of this duty contributed directly to the accident he cannot recover. Whether or not he was directly employed to inspect the track, matters not, as it became his implied duty in taking charge of the car. This being so, whether the accident occurred through a rotten stringer, or as we contend through a defective brake, the plaintiff was employed to inspect both and report defects to the proper authorities. His failure to do so was a neglect of duty, and he cannot recover for injuries to himself resulting from an accident which was due to his own negligence. If the jury found these facts to be so, we were entitled to an unqualified affirmation of our seventeenth point and its qualification by the court was error.

*James F. Lynd* and *John L. Du Bois*, for the defendant in error.—As matter of fact, we maintain that the defendant in error did give frequent notice of the defects in the track to his superior. It is, however, immaterial, for we contend as matter of law that such notice was unnecessary. The company was bound to know that its stringers would decay and had decayed in the lapse of time, and through the wear and tear of long-continued use : Baker *v.* Allegheny Valley R. R. Co., 14 Norris 211, 215.

Mr. Justice CLARK delivered the opinion of the court, October 1st 1883.

This action was brought by William Butler against Cooper, Hewitt & Co., to recover damages for injuries received by him, on the 24th day of November 1879, whilst in their employment at the Durham Iron Works in Bucks county. The matter urged in support of the action is the negligence of the defendants in not keeping in proper repair a certain elevated tramway, upon which, by means of a stationary engine, coal cars were operated in the transporation of coal from the canal to the stock house, for use in the furnace. The tramway was about 1300 feet long, it was inclined, rising about 69 feet in that distance, about 500 feet of it was elevated upon a trestle, from ten to twenty feet in height. The cars ran upon an iron rail, spiked upon stringers. The empty cars in returning from the furnace to the canal descended by gravity, and were regulated in their

velocity by a brake on the car in charge of the conductor, and by the engineer, who was stationed in a tower, overlooking the entire track and had control of a brake on the drum.

On the day mentioned two cars, coupled together, were descending the plane, the front one conducted by Stewart Leister and the rear one by William Butler, the plaintiff, when owing, as it is alleged, to a displacement of the rail, they ran off the track, and falling some 16 or 17 feet, Butler fell with them and broke his arm at the wrist.

Seventeen errors are assigned to the rulings of the court, at the trial of the cause, in the court below. We have examined all of these assignments, with some care, and are of opinion that none of them is sustained excepting the sixteenth, which is to the answer of the court to the defendant's 17th point submitted.

It would appear that the testimony of some of the witnesses, notably that of Stephen Bennett and John Moore, tended to establish the fact that it was the plaintiff's duty, in part, under his employment, from time to time, to examine the track, to report any deficiency, and what repairs if any were needed, and that the condition of the track, and its sufficiency, was a matter entrusted to him by the defendants. The following point was therefore submitted and the court was requested to instruct the jury;—

17. If the jury believe that the plaintiff's instructions and duties were, whenever there were no coal boats at the wharf to unload, to examine and inspect the cars, the rails and pulleys on the track, and the track generally, in consideration of which he should have pay for full time, and, that upon one or more days or parts of days there were no coal boats in to be unloaded, during which days or parts of days the plaintiff neglected to make such inspection and examination, and the accident happened by reason of a defect unknown to the defendants, but which the plaintiff presumably would have discovered by such examination and inspection, then he is guilty of contributory negligence and he cannot recover.

The answer of the court to this point was as follows :

"This is true, provided, however, that the defect was not only unknown to the defendants, but was also one which they would not have known by the exercise of ordinary care."

We think the learned court erred, in the qualification annexed to the answer. The point was such as should have received a direct, unconditional and unqualified affirmation. If one of the peculiar and distinctive duties of the plaintiff, under the terms of his employment, was the inspection and examination of the track, for which he was to receive a larger compensation than he otherwise would, his failure to perform that duty

[Lane *v.* Smith.]

was negligence, and in case of injury or loss to the defendants, by reason of a defect which the plaintiff might reasonably have discovered, he would be answerable in damages for his default. A corporation or company, engaged in an extensive and complicated management, must necessarily delegate the performance of specific portions of the work to individuals, and whilst in some cases the corporation or company is responsible for the correct exercise of these duties, by the agents to whom their performance is delegated, yet the responsibility of the agent in case of negligence has never been doubted, indeed, it is his negligence imputed to the employer that creates the liability of the latter.

If all the facts assumed in the point were established, the injury resulted from the plaintiff's own default and negligence, in a matter which the company was of necessity obliged to commit to some one, and which was in fact committed to him, and why should he complain of the company when the default was his own.

The court say, " This is true, provided, however, that the defect was not only unknown to the defendants," which the point assumes, " but was also one which they would not have known by the exercise of ordinary care." If the company, by the exercise of ordinary care might have known of the defect, through other means, how can that excuse the neglect of the plaintiff? The point goes upon the hypothesis that the plaintiff in the full discharge of his duty would also have known the defect, and his ignorance of it, as well as his injury was the result of his own negligence. If then the company, were, under all the circumstances, to be regarded as negligent, the defendant was equally so, the negligence of both contributed to the result, and this would be fatal to the plaintiff's case.

The judgment is reversed, and a venire facias de novo is awarded.